IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRITTANY DANIELS,  Petitioner,  v.  UNITED STATES OF AMERICA,  Respondent. | Civil Action No.: DKC-24-2330 (Related Crim. Case DKC-13-559-2) |

**MEMORANDUM OPINION**

This civil action was opened on August 9, 2024, after receipt of a letter filed by Brittany Daniels requesting that her conviction be expunged because she has a child to care for and the conviction is affecting her ability to gain employment. ECF No. 1. For the reasons discussed below, Ms. Daniels' request for expungement must be denied and dismissed.

On June 19, 2015, Ms. Daniels was sentenced to a term of imprisonment of 115 days after pleading guilty to one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. *United States v. Daniels*, Criminal No. DKC-13-559 (D. Md.), ECF No. 102. Ms. Daniels was placed on supervised release for a period of three years, which expired on June 18, 2018. *Id.* at 5; ECF No. 113.

The court's expungement power is narrowly confined to circumstances not applicable here. Congress has conferred on the courts expungement power only to amend inaccurate records, s*ee* 5 U.S.C. § 552a(d)(2) (2012), or for certain drug-possession offenses, *see* 18 U.S.C. § 3607(c) (2012). Likewise, any inherent power to expunge a record of conviction, if it exists, would only apply in the most exceptional circumstances. The Fourth Circuit observed, nearly 40 years ago, that a federal court has limited equitable power to expunge convictions, to be exercised only in "exceptional circumstances." *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984). At that time,

courts found that expungement of a conviction was appropriate if "necessary to preserve basic legal rights," *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978) (quoting *United States v. McMains,* 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or as a result of government misconduct.  *See Allen*, 742 F.2d at 154.

Ten years after the decision in *Allen v. Webster*, the Supreme Court of the United States decided *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), narrowing a court's equitable discretion to exercise "ancillary jurisdiction" to two circumstances.  Those are "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80.  Since *Kokkonen* was decided, courts around the country have ruled that a district court lacks discretion to grant expungement on equitable grounds*.  See, e.g. United States v. Lucido*, 612 F.3d 871, 875-76 (6th Cir. 2010); *Doe v. United States*, 833 F.3d 192, 198 (2d Cir. 2016). The Fourth Circuit has done so as well, albeit in an unpublished decision: *United States v. Mettetal*, 714 F. App'x. 230, 234-35 (4th Cir. 2017).  The court noted the growing trend among the circuits concluding that *Kokkonen* "outright bars federal courts from invoking ancillary jurisdiction to expunge criminal records for purely equitable reasons." *Id*. at 234 (quoting, among others, *United States v. Dunegan*, 251 F.3d 477, 479 (3rd Cir. 2001)).  Other trial courts in this circuit agree:  *United States v. McMiller*, Case No. 5:06-CR-00007, 2023 WL 7027973 (W.D. Va. Oct. 25, 2023).

Here, Ms. Daniels makes no showing of any "exceptional circumstances" sufficient to support expungement of her 2015 conviction.  She provides no basis for the court to grant her requested relief, expressing only that the conviction is interfering with her ability to gain employment.  ECF No. 1.  Ms. Daniels pleaded guilty to the crime and completed her sentence,

which she does not contest as being unlawful in any way.  While the court acknowledges her desire to find more stable employment, no exceptional circumstances exist supporting expungement.

Upon the filing of Ms. Daniels' letter, the Clerk sealed Civil Action No. DKC-24-2330 pursuant to policy.  Ms. Daniels' Plea Agreement and Judgment of conviction, however, have been disclosed publicly.  Moreover, no motin to seal has been filed.  Thus, there is no reason to seal the civil action.

For these reasons, Ms. Daniels' request for expungement is denied and the civil case will be unsealed and dismissed.  A separate Order follows.

<u>October 7, 2024</u>                                           /s/
                                                                            DEBORAH K. CHASANOW
                                                                            United States District Judge